## CAL GREEN v. STATE.

No. A-4926. Opinion Filed July 15, 1925.
(238 Pac. 505.)

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction for unlawful possession of intoxicating liquor and sentence of confinement for 90 days in jail and a fine of $250.

The undisputed facts are that on August 29, 1923,

Deputy Sheriffs Jones, Watts, and Ragsdale, with Jack Fuller, a federal officer, raided a place in the city of Muskogee known as the Midway Buffet, and found white men and negroes standing around the bar, all apparently somewhat intoxicated. The officers testified that the defendant was standing behind the bar, and when they came in he seized a half gallon fruit jar containing corn whisky and poured it into a candy bucket containing lysol, leaving about one-half pint of whisky in the jar.

The officers further testified that the reputation of the place conducted by the defendant as to being a place where intoxicating liquors were sold was bad.

As a witness in his own behalf, the defendant denied that the jar contained whisky.

The only objection made to the testimony on the part of the state was that as to the reputation of the place.

It appears that the Midway Buffet was a place of public resort. It follows that the objections were properly overruled.

It is argued that the search and seizure without a search warrant was illegal, and that evidence thus obtained was incompetent.

It appears from the record that the first objection made to the admission of the evidence is in the petition in error.

It is well settled that a defendant may waive the incompetency of evidence by failing to object to it on the ground, and the admission of incompetent evidence, if not objected to at the time, cannot afterwards be made the ground of an objection. Wharton, Crim Pl. & Pr. §§ 801, 844, 877; Drury v. Territory, 9 Okla. 398, 60 P. 101.

Complaint is made of alleged misconduct of the county attorney in making improper statements in his argu-

ment to the jury. It is sufficient to say that the remarks objected to did not go beyond the bounds of fair and legitimate comment on the facts in evidence.

Finding no substantial error in the record, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.